
FILED
SEP 2...
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MINNESOTA LAWYERS MUTUAL
INSURANCE COMPANY,

    Plaintiff,

v.                        CIVIL ACTION NO. 2:19-cv-38

KEVIN B. RACK,
RACK & MOCCIA, P.C.,
BENJAMIN C. BANKS, and
CAROL DUVAL,

    Defendants.

### MEMORANDUM ORDER

Before the Court is Minnesota Lawyers Mutual Insurance Company ("MLM"), Kevin B. Rack, and Rack & Moccia, P.C.'s ("R&M") Joint Motion to Stay. ECF No. 33. This Order explains the Court's denial of the motion from the bench on September 26, 2019.

On January 20, 2019, MLM filed a declaratory judgment action against Rack, R&M, Benjamin C. Banks, and Carol Duval to determine whether MLM has a duty to defend Rack and R&M in an underlying suit before the Virginia Beach Circuit Court. ECF No. 1. The underlying suit styled *Kevin B. Rack, Co-Trustee of the Benjamin O. Colonna, Jr. Child's Trust v. Carol C. DuVal, Individually and as Co-Trustee of the Benjamin O. Colonna, Jr. Child's Trust and Benjamin C. Banks*, Case No. CL17-4254, involves breach of fiduciary duty and breach of trust claims. *Id.* at ¶¶ 2, 10. The Virginia Beach Circuit Court continued the case from August 2019 to December 16–18, 2019, to occur after the trial in this case scheduled for October 29, 2019. *See* ECF No. 37 at 3.

1

MLM, Rack, and R&M filed the instant motion on August 8, 2019. ECF Nos. 33–34. Banks opposed the motion on August 15, 2019. ECF No. 37. MLM, Rack, and R&M replied to Banks' opposition on August 21, 2019. ECF No. 40.

A district court has "wide discretion" in deciding whether to stay a declaratory suit pending resolution of an underlying action. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996). In deciding whether to grant a motion to stay, courts consider various factors such as:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts…; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending…; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"…; and (iv) whether the declaratory judgment action is being used merely as a device for "procedural fencing[.]"

*Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (citations omitted). Courts have frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance coverage, even in advance of a judgment against the insured on the underlying claim for which coverage is sought. *Id.* at 375; *see also Stout v. Grain Dealers Mut. Ins. Co.*, 307 F.2d 521 (4th Cir. 1962); *Farm Bureau Mut. Auto Ins. Co. v. Daniel*, 92 F.2d 838 (4th Cir. 1937). In these cases, courts have also considered whether necessary facts will remain in dispute as to the duty to indemnify until the underlying litigation is resolved. *Hanover In. Co. v. Castle Hill Studios, LLC*, No. 3:18-cv-00072, 2019 U.S. Dist. LEXIS 11132, at *11 (W.D. VA., January 23, 2019) (citations omitted). Practicality and wise judicial administration, and the need to "prevent piecemeal litigation" are also important in the court's determination. *Id.* "[I]f, upon balancing the competing interests, the court determines that the moving party has justified the stay request by clear and convincing circumstances outweighing

potential harm to the party and against whom it is operative," a district court may stay the proceeding. *Id.* at *12.

After balancing all the aforementioned factors, the Court finds that MLM, Rack, and R&M fail to justify its request for a stay by clear and convincing circumstances. MLM, Rack, and R&M request a stay pending resolution in the underlying state court action claiming that if Rack prevails in the underlying action, then the question of whether they have to defend becomes moot. ECF No. 37 at 3– 4. However, the underlying state court action and the matter before the Court, revolve around two different legal issues. Whereas the state court action involves breach of fiduciary duty claims, the declaratory judgment action before the Court involves whether MLM is required to defend. *See* ECF No. 1. The answer to this question impacts the underlying state court action and any potential settlement negotiations.

The issues raised in the federal declaratory action need not be decided in state court, and there is no indication that the issues in the declaratory judgment will more efficiently be resolved in state court. The Virginia Beach Circuit Court specifically stayed its case pending resolution of the declaratory judgment action before this Court. ECF No. 37 at 3. Now, MLM, Rack, and R&M seek a stay in the declaratory judgment action pending resolution in the state court action which will only delay resolution of the issues in the case and create a circular and ongoing process of litigation. Due to the differences in the two actions, permitting the declaratory judgment action to go forward will not result in any unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law." *See Nautilus Ins. Co.*, 15 F.3d at 371. Since the issue of whether MLM is required to defend is essential to the overall litigation, the declaratory judgment action is not being used for "procedural fencing." *Id.*

3

Furthermore, the Court finds that there are no necessary facts that will remain in dispute as to the duty to indemnify until the underlying litigation is resolved. *See Hanover In. Co.*, 2019 U.S. Dist. LEXIS 11132, at *11. Therefore, the Court does not need to wait until the ultimate factual findings in the underlying case to determine whether MLM owes a duty to defend Rack and R&M. Because the determination of whether MLM will be required to defend will assist the parties in preparing for the underlying state court action and any settlement negotiations, it is practical for the declaratory judgment action to proceed in advance of the litigation to prevent piecemeal litigation.

Thus, after balancing the competing interests, the Court finds that MLM, Rack, and R&M failed to justify the request for a stay by clear and convincing circumstances that outweigh potential harm against Banks and Duval. Therefore, MLM, Rack, and R&M's Joint Motion to Stay is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 27, 2019

Raymond A. Jackson
United States District Judge